Rob Bonta, State Bar No. 202668
Attorney General of California
Timothy E. Sullivan, State Bar No. 197054
Supervising Deputy Attorney General
Somerset Perry, State Bar No. 293316
Deputy Attorney General
 1515 Clay Street, 20th Floor
 P.O. Box 70550
 Oakland, CA  94612-0550
 Telephone:  (510) 879-0987
 Fax:  (510) 622-2270
 E-mail:  Timothy.Sullivan@doj.ca.gov

*Attorneys for Plaintiffs Department of Toxic Substances Control and the Toxic Substances Control Account*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CALIFORNIA DEPARTMENT OF TOXIC SUBSTANCES CONTROL and the TOXIC SUBSTANCES CONTROL ACCOUNT,**<br><br>Plaintiffs,<br><br>v.<br><br>**CHEVRON ORONITE COMPANY LLC, et al.,**<br><br>Defendants. | Case No. 2:21-cv-1737-TLN-JDP<br><br>**NOTICE OF JOINT UNOPPOSED MOTION; JOINT UNOPPOSED MOTION TO STAY LITIGATION FOR SETTLEMENT NEGOTIATIONS**<br><br>Courtroom: 2 – 15th Floor<br>Judge: Hon. Troy L. Nunley<br>Trial Date: None Set<br>Action Filed: September 24, 2021<br><br>**SUBMITTED PURSUANT TO LOCAL RULE 230(g) WITH STIPULATION TO PROCEED WITHOUT ARGUMENT** |

## NOTICE OF JOINT MOTION AND MOTION

PLEASE TAKE NOTICE THAT Plaintiffs California Department of Toxic Substances Control and the Toxic Substances Control Account (together, "DTSC") and Defendants Chevron Oronite Company LLC; Shell Oil Company; and Atlantic Richfield Company (together, "Defendants") (with DTSC, "Parties") hereby respectfully move the Court to stay the litigation until November 26, 2022. The Parties' settlement discussions have reached a point at which the Parties believe resources would best be spent on concluding their negotiations and documenting the terms of their agreement in an enforceable agreement instead of on litigating. The Parties expect this drafting process will resolve DTSC's claims alleged in the Complaint filed in case number 2:21-cv-1737-TLN-JDP ("Complaint"). Such a resolution would conserve judicial resources, as well as the Parties' resources, and promote judicial efficiency.

As the Parties jointly move for the requested stay and agree on its propriety and duration, the Parties do not believe argument or appearance is necessary for the Court to consider the requested stay. The Parties hereby stipulate to submit the motion without argument under Local Rule 230(g), but the Parties are prepared to appear if the Court so orders.

## STATEMENT OF FACTS

1. Prior to the filing of the Complaint, DTSC and the IT Sites Cooperating Generators Joint Defense Group ("Joint Defense Group"), of which all Defendants are members, were engaged in settlement negotiations with DTSC representatives to resolve DTSC's claims alleged in the Complaint.

2. DTSC filed the Complaint initiating this litigation on September 24, 2021. Dkt. No. 1. DTSC filed the Complaint concurrently with complaints initiating three other cases also concerning hazardous waste at landfills formerly operated and managed by the IT Corporation, one in this district[1] and two in the Northern District of California.[2]

---

[1] *Cal. Dept. of Toxic Substances Control v. Exxon Mobil Corporation*, E.D. Cal. No. 2:21-cv-01739-KJM-JDP (E.D. Cal. Sept. 24, 2021.)
[2] *Cal. Dept. of Toxic Substances Control v. Pacific Gas & Electric Company*, 4:21-cv-07450-HSG (N.D. Cal. Sept. 24, 2021); *Cal. Dept. of Toxic Substances Control v. Chevron U.S.A. Inc.*, 3:21-cv-07453-WHA (N.D. Cal. Sept. 24, 2021).

3. Defendants waived service and Plaintiffs filed their returned waiver forms, satisfying the requirements of Federal Rule of Civil Procedure 4(d). Dkt. No. 8. As a result of the waiver of service, Defendants' deadline to file a response to the Complaint was February 14, 2022.

4. On February 8, 2022, the Parties filed a Stipulation to Extend Defendants' Deadline to Respond to the Complaint, stipulating to extend Defendants' time to file a response to the Complaint by 28 days to March 14, 2022, pursuant to Local Rule 144(a). Dkt. No. 10.

5. On March 8, 2022, the Parties filed a Stipulation and [Proposed] Order to Further Extend Defendants' Deadline to Respond to the Complaint, stipulating to further extend Defendants' deadline to respond to the Complaint by 91 days. Dkt. 11. The Court approved the Stipulation in a Minute Order dated March 9, 2022. Dkt. 12. As a result, the Defendants' deadline to respond to the complaint is currently June 13, 2022.

6. On May 23, 2022, DTSC and all 12 defendants in the case before Judge Kimberly Mueller in this District, *Cal. Dept. of Toxic Substances Control v. Exxon Mobil Corporation*, E.D. Cal. No. 2:21-cv-01739-KJM-JDP, filed a Joint Unopposed Motion for Stay of Litigation, seeking a stay on the same grounds the Parties are raising in this present Motion. Judge Mueller granted that unopposed motion on May 26, 2022, staying that litigation for six months, to November 26, 2022.

7. Since prior to the filing of the Complaint, the Parties have been engaged in settlement negotiations seeking to resolve DTSC's claims against Defendants. The Defendants have recently outlined a framework of a settlement agreement, including terms that could be the basis for drafting an enforceable agreement, though certain issues within that framework remain under negotiation. If granted approximately six months for continued negotiations without the press of litigation deadlines, the Parties expect that they can reach agreement on the remaining details and that this matter could be resolved without further litigation. Therefore, the Parties request the Court to enter a stay of this litigation until November 26, 2022, to afford the Parties time to finalize their negotiations and draft a consent decree for submission to the Court.

## LEGAL AUTHORITY

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254 (1936). Thus, a stay is appropriate where the court determines that the stay will serve the interests of judicial efficiency and the preservation of resources for the court, counsel, and the litigants, in consideration of the balancing of any competing interests.

## REQUEST FOR STAY

The Parties have been engaged in negotiations since prior to the filing of the Complaint in order to resolve DTSC's claim in this case, and have made substantial progress towards a settlement agreement that would achieve that aim. Due to the substantial possibility that DTSC's claims will be resolved in an enforceable agreement drafted by the Parties, the Parties now jointly move and request that this Court stay this matter until November 26, 2022. The Parties will use that approximate six-month period to complete their settlement negotiations, which would resolve this matter without further litigation and the corresponding expenditure of resources by the Court and the Parties. Granting a stay in this case until November 26, 2022, will also align the end of the stay with the stay recently granted by Judge Mueller in *California Department of Toxic Substances Control v. Exxon Mobil Corporation*, E.D. Cal. No. 2:21-cv-01739-KJM-JDP.

This case concerns hazardous waste at the Montezuma Hills landfill ("Montezuma Hills") site in Solano County, California, which was formerly operated by the IT Corporation. DTSC filed the Complaint concurrently with complaints initiating three other cases also concerning hazardous waste at landfills formerly operated and managed by the IT Corporation and other operators, one in this district and two in the Northern District of California. (See footnotes 1 and

2, above.) The landfills are now overseen by the IT Environmental Liquidating Trust ("ITELT"), a trust created in the IT Corporation bankruptcy. DTSC has determined that ITELT has insufficient funds for future management of the sites, necessitating this lawsuit to ensure that adequate funds are available for that purpose. DTSC filed the Complaint to seek the recovery of its response costs at Montezuma Hills and a declaratory judgment that defendants are jointly and severally liable for all future costs at the site.

The negotiations are complex and interdependent, due to the multiple sites and different defendants, and the benefits of resolving the cases in unison due to ITELT's singular responsibility as the operator of the sites. A final agreement would necessarily address the alleged responsible parties at all four landfill sites under a framework agreeable to all of the parties to each case. The Parties that are also parties in the two Northern District cases will be filing motions seeking an equivalent stay of litigation in those cases to allow all parties to the four cases to focus their resources on the settlement negotiations.

The Parties' request for the stay of this litigation is appropriate and justified under the considerations identified by the Supreme Court in the *Landis* case. Specifically, the Parties expect the stay will allow them to reach a resolution that would avoid additional litigation, and the stay would preserve the Court's time and the Court and the Parties' resources. Further, as the Parties agree that a stay is appropriate and in their own interests, the balance of the interests of the Parties favors the entry of the stay. Finally, the public interest will also be served by the stay in that it will potentially allow the orderly settlement of DTSC's claims and the creation of a settlement framework that provides for the proper management of the Montezuma Hills site into the future. Such a settlement would avoid the expenditure of judicial resources and public funds on litigation and the risk to public resources entailed by the resolution of DTSC's claims through litigation.

With the stay in effect, the Court would also retain oversight of the matter through its continued jurisdiction and would be apprised of the progress of the settlement negotiations through the Parties' proposed status reports, which would be filed approximately at the midpoint of the stay and upon its expiration on the same dates those reports are due in the case before

Judge Mueller. The Parties propose to inform the Court by letter of the submission of the equivalent motions in the two Northern District cases that are not yet stayed.

## CONCLUSION

Based on the justifications explained above the Parties respectfully request that the Court stay the litigation until November 26, 2022, to allow for the continuation of the Parties' settlement negotiation and enter the accompanying [Proposed] Order providing for the Parties' duties during the course of the stay.

Respectfully submitted,

Dated: June 8, 2022

ROB BONTA
Attorney General of California

/s/ Timothy E. Sullivan

TIMOTHY E. SULLIVAN
Supervising Deputy Attorney General
SOMERSET PERRY
Deputy Attorney General
*Attorneys for Plaintiffs Department of Toxic Substances Control and the Toxic Substances Control Account*

Dated: June 8, 2022

ROGERS JOSEPH O'DONNELL

/s/ Robert C. Goodman
(as authorized on June 7, 2022)

Robert C. Goodman
*Attorneys for Defendant Chevron Oronite Company LLC*

Dated: June 8, 2022

MILLER NASH LLP

/s/ Trajan Perez
(as authorized on June 7, 2022)

Trajan Perez
*Attorneys for Defendant Atlantic Richfield Company*

Dated:  June 8, 2022

WILSON TURNER KOSMO LLP

*/s/ Jonna D. Lothyan*
(as authorized on June 7, 2022)

Robin A. Wofford
Jonna D. Lothyan
*Attorneys for Defendant Shell Oil Company n/k/a Shell U.S.A., Inc.*

OK2021604219
91505300.docx

7